UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHN R. NIXON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| FOX RIVER AND COUNTRYSIDE ) | |
| FIRE RESCUE DISTRICT, KRISTIN ) | |
| LEBLANC, JOHN KARR, JASON PARTHUN, ) | |
| NICK MCMANUS, and JAMES WEGMAN ) | |
| ) | |
| Defendants ) | |

### NATURE OF THE ACTION

1. This action is brought under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601 *et seq.*, and the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C § 1983. As alleged with greater particularity in the Statement of Claims below, Defendants, FOX RIVER AND COUNTRYSIDE FIRE RESCUE DISTRICT ("FRCFR") and KRISTIN LEBLANC ("Trustee LeBlanc"), JOHN KARR ("Trustee Karr"), JASON PARTHUN ("Trustee Parthun"), NICK MCMANUS ("Trustee McManus") and JAMES WEGMAN ("Trustee Wegman") (hereinafter collectively "Defendants") violated Plaintiff, JOHN R. NIXON'S ("Plaintiff") protected constitutional rights under the ADA, FMLA and the Fourteenth Amendment.

### PARTIES

2. Plaintiff is a 71-year-old who currently resides in Fort Meyers, Florida but resided in Algonquin, McHenry County, Illinois at the time of the events detailed below.

3. FRCFR is a municipal corporation organized under the Illinois Fire Protection District, 70 ILCS 705/1 *et seq.*, with its principal offices located at 34W500 Carl Lee Road, St.

Page **1** of **12**

Charles, Kane County, Illinois.

4. Trustee LeBlanc is the President and Trustee for the FRCFR Board of Trustees and is a resident of Campton Hills, Kane County, Illinois.

5. Trustee Karr is the Secretary and Trustee for the FRCFR Board of Trustees and is a resident of Wayne, Kane County, Illinois.

6. Trustee Parthun is the Treasurer and Trustee for the FRCFR Board of Trustees and is a resident of St. Charles, Kane County, Illinois.

7. Trustee McManus is a Trustee for the FRCFR Board of Trustees and is a resident of St. Charles, Kane County, Illinois.

8. Trustee Wegman is a Trustee for the FRCFR Board of Trustees and is a resident of St. Charles, Kane County, Illinois.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case bring federal constitutional claims.

10. Venue is proper in the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(a)-(b), as all Defendants are residents of the district in the State of Illinois and Plaintiff's claims arose out of facts occurring in this District.

11. On September 14, 2021, Plaintiff filed a Charge of Discrimination on the basis of disability against Defendant, FRCFR with the Equal Employment Opportunity Commission ("EEOC"). A true and correct copy of that Charge is attached as Exhibit A.

12. On June 17, 2022, the EEOC issued its Notice of Right to Sue stating that the EEOC's investigation of the Charge will not be completed within 180 days of its filing. A true and correct copy of that Notice is attached as Exhibit B.

13. Plaintiff exhausted his administrative remedies under the ADA against Defendants.

14. Plaintiff files this Complaint within 90-days of his receipt of the Notice of Right to Sue from the EEOC.

15. There is no administrative exhaustion requirement for Plaintiff's FMLA claims against Defendants, 29 U.S.C. § 2617(a)(2).

16. There is no administrative exhaustion requirement for the Plaintiff's Fourteenth Amendment claims against Defendants.

## FACTS COMMON TO ALL COUNTS

17. On September 6, 2016, Plaintiff signed his first employment agreement with FRCFR to work as the Fire Chief for the District.

18. The term of Plaintiff's first employment agreement was from September 6, 2016 to April 30, 2019 and contained a 1-year auto renewal clause if neither party chose to terminate the agreement at least 90-days prior to April 30, 2019.

19. Attached as Exhibit A to Plaintiff's first employment agreement was the job description for the position of the Fire Chief. The responsibilities of the Fire Chief detailed in the exhibit were primarily administrative.

20. On or about April 1, 2019, Plaintiff lost consciousness while driving his command vehicle to his office at FRCFR station 1 and crashed the vehicle into a fire hydrant and tree. Plaintiff was transported from the scene to the hospital and various tests were performed.

21. Plaintiff remained in the hospital until April 6, 2019. After being discharged, Plaintiff remained on paid medical leave.

22. Later in April 2019, Plaintiff was diagnosed with T Cell Large Granular Lymphocyte Leukemia.

23. While Plaintiff was on medical leave, FRCFR appointed an interim acting Fire Chief, Captain Scott Sutherland Sr., and Plaintiff regularly consulted with Captain Sutherland about department operations during his absence.

24. In early May 2019, Plaintiff was again hospitalized after his pneumonia reoccurred as a result of his compromised immune system from the Leukemia.

25. On or about May 6, 2019, Plaintiff was discharged from the hospital. Plaintiff returned to work later in May 2019 and assumed his duties as the Fire Chief without any restrictions.

26. On May 1, 2020, Plaintiff signed his second employment agreement with FRCFR to continue his role as the Fire Chief for the District.

27. The term of Plaintiff's second employment agreement was from May 1, 2020 to April 30, 2023.

28. Attached as Exhibit A to Plaintiff's second employment agreement was the job description for the position of the Fire Chief. The responsibilities of the Fire Chief detailed in the exhibit were primarily administrative.

29. On or about November 9, 2020, Plaintiff was diagnosed with severe acute respiratory syndrome coronavirus 2 (SARS-Co-V-2) also known as Covid-19. After Plaintiff's Covid-19 diagnosis, he continued to act as the Fire Chief for FRCFR performing his administrative duties from his home.

30. On or about November 11, 2020, Plaintiff's Covid-19 symptoms combined with his Leukemia, required Plaintiff to be hospitalized for 4 days while he received treatment. During this hospitalization, Captain Sutherland assumed the duties of Fire Chief.

31. After recovering from Covid-19, Plaintiff returned to his role as Fire Chief without

any restrictions.

32. On May 17, 2021, Trustee LeBlanc was sworn in as the new FRCFR Board President. On that same night, Trustees McManus and Parthun were also sworn in as FRCFR Board Trustees.

33. On Saturday August 14, 2021, while at his home, Plaintiff began experiencing severe leg pain and had a high fever. Plaintiff went to the hospital for observation and was admitted for further testing.

34. On Sunday August 15, 2021, Plaintiff contacted his Administrative Assistant, Tracy Dunklau to inform her that he would not be in the office on Monday due to his hospitalization.

35. On Monday August 16, 2021, Plaintiff contacted Assistant Fire Chief Bert Lancaster to inform him of his absence and to discuss FRCFR business that needed to be presented at the regularly scheduled Board meeting that was to proceed later that same day.

36. On the morning of Tuesday August 17, 2021, while Plaintiff was still in the hospital, Plaintiff received a text message from Trustee LeBlanc asking to deliver "a time sensitive document" to him.

37. At some time after receiving the text message from Trustee LeBlanc, Plaintiff received a letter from FRCFR informing Plaintiff that he was being temporarily relieved of all Fire Chief duties and was placed on paid medical leave in order for Plaintiff "to focus on [his] health." The letter went on to state that Assistant Chief Lancaster would remain the acting Fire Chief. Plaintiff was then locked out of his district email and had no access to FRCFR department files.

38. Later in the day on August 17, 2021, Plaintiff was discharged from the hospital. Plaintiff called Trustee LeBlanc to discuss the involuntary medical leave and inform Trustee

LeBlanc that he was going to visit his primary care physician on August 18, 2021 and was expecting to receive the all-clear to return to work without any restrictions. During that same conversation, Plaintiff expressed his desire to return to work after that appointment and Trustee LeBlanc told Plaintiff that he could not return to work. Plaintiff then asked for a special meeting to discuss with the Board of Trustees why he was not being allowed to use his regular sick pay instead of being placed on medical leave.

39. On August 18, 2021, Plaintiff visited his primary care physician and received a return-to-work letter, attached as Exhibit C.

40. On that same day, Plaintiff received a text message from Trustee LeBlanc informing him that he could meet her at the FRCFR station number 1 at 1:00pm on Monday August 23, 2021.

41. On August 23, 2021 around 1pm, Plaintiff met with Trustee LeBlanc and Trustee Parthun along with FRCFR legal counsel Ken Shepro for a recorded meeting to discuss Plaintiff's medical leave. During that meeting Plaintiff presented his return-to-work letter from his primary care physician and requested he be reinstated as the Fire Chief the next day. Plaintiff's request was denied, and he was told that a special meeting of the Board was scheduled for the evening of August 23, 2021 to discuss Plaintiff's medical leave.

42. On August 23, 2021 around 6:50pm, Plaintiff received a telephone call on his cellphone from Trustee LeBlanc and when he answered Trustee LeBlanc informed Plaintiff that she was present with four of the Trustees in executive session. The Trustees present for the executive session included Trustees LeBlanc, Karr, Parthun and McManus. Trustee LeBlanc informed Plaintiff that the Board had voted to terminate Plaintiff as the FRCFR Fire Chief. During that same telephone call, Plaintiff was offered the opportunity to resign in order to "save his

reputation." Plaintiff informed that Board that he would not resign. Plaintiff was then terminated by FRCFR without explanation.

43. On or about August 24, 2021, Plaintiff contacted Trustee LeBlanc and requested for the personal items in his office at FRCFR station 1, including his personal ASUS laptop, be returned to him.

44. On August 25, 2021, Plaintiff received an email from Trustee LeBlanc seeking login information for various district resources. Plaintiff responded to the email providing Trustee LeBlanc with the information and again requested the return of his personal items, including his ASUS laptop. Plaintiff did not receive the personal items from his office, including his ASUS laptop until sometime after September 10, 2021.

45. At all times relevant, Trustee LeBlanc was a policymaker acting in both her official and individual capacity.

46. At all times relevant, Trustee Karr was a policymaker acting in both his official and individual capacity.

47. At all times relevant, Trustee Parthun was a policymaker acting in both his official and individual capacity.

48. At all times relevant, Trustee McManus was a policymaker acting in both his official and individual capacity.

49. At all times relevant, Trustee Wegman was a policymaker acting in both his official and individual capacity.

**COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

50. Plaintiff realleges and incorporates by reference Paragraphs 1-49 of this Complaint.

51. Under the ADA, it is unlawful for a covered employer to "discriminate against a

qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training or other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

52. FRCFR is a covered employer subject to the ADA, as it employed more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 12111(5).

53. At all times relevant, Plaintiff's Leukemia diagnosis was, and still is currently, a physiological disorder or condition affecting his immune and hemic systems that substantially limits one or more of Plaintiff's major life activities, including but not limited to the functioning of his immune system.

54. Plaintiff has a record of disability within the meaning of the ADA.

55. FRCFR was aware of Plaintiff's disability in or around April 2019.

56. Plaintiff was a qualified individual under the ADA because Plaintiff's education, training and experience gave him the ability to perform his essential job functions as the FRCFR Fire Chief with or without reasonable accommodations.

57. On or about August 18, 2021, despite being cleared to work by his primary care physician, Plaintiff requested to use his sick pay as a reasonable accommodation for his disability. Trustee LeBlanc, operating in her official capacity, denied Plaintiff's request for a reasonable accommodation.

58. FRCFR discriminated against Plaintiff on the basis of his disability by not providing reasonable accommodations for him.

59. FRCFR discriminated against Plaintiff on the basis of his disability by terminating his employment due to his disability in violation of Section 102(a) of Title I of the ADA, 42 U.S.C

§ 12112(a).

60. FRCFR's actions were intentional, willful, and in reckless disregard of Plaintiff's rights under the ADA.

61. Plaintiff has suffered damages as a result of FRCFR's unlawful actions.

**COUNT II – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

62. Plaintiff realleges and incorporates by reference Paragraphs 1-49 of this Complaint.

63. At all times relevant to this Complaint, FRCFR was a covered employer under the Family and Medical Leave Act ("FMLA"), as it was a public agency in accordance with 29 C.F.R. § 825.104(a).

64. Plaintiff was covered by the FMLA as an employee with a serious health condition employed by the FRCFR for at least twelve-months, and who had performed at 1,250 hours of service during the previous twelve-month period. 29 U.S.C. § 2611(2).

65. Under the FMLA, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a).

66. Employers who violate the FMLA "may be liable for compensation and benefits lost by reason of violation, for other monetary losses sustained as a direct result of the violation…" 29 C.F.R. § 825.220(b).

67. FRCFR discriminated against Plaintiff in violation of the FMLA when FRCFR terminated Plaintiff instead of allowing Plaintiff to exercise his right to FMLA leave time.

68. At all times relevant, Trustees LeBlanc, Karr, Parthun, McManus and Wegman were acting in the interest of FRCFR and are individually liable when they discriminated against Plaintiff in violation of the FMLA when the Trustees terminated Plaintiff instead of allowing

Plaintiff to exercise his right FMLA leave time. 29 C.F.R. § 825.104(d).

69. Defendants' actions were intentional, willful, and in reckless disregard of Plaintiff's rights under FMLA.

70. Plaintiff has suffered damages as a result of Defendants' unlawful actions.

### COUNT III – VIOLATION OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION – DUE PROCESS CLAIMS

71. Plaintiff realleges and incorporates by reference Paragraphs 1-49 of this Complaint.

72. At all times relevant Defendants were acting under color of state law.

73. At all times relevant, the Illinois Fire Protection District Act (70 ILCS §§ 705/0.01 *et seq*) was applicable to FRCFR.

74. The Illinois Fire Protection District Act states that "no officer or member of the fire department of any protection district who has held that position for one year shall be removed or discharged expect for just cause, upon written charges specifying the complainant and the basis for the charges, and after a hearing on those charges…" 70 ILCS § 705/16.13b

75. At all times relevant, the Illinois Fire Protection District Act also granted the Trustees the authority to "appoint and enter into a multi-year contract not exceeding 3 years with a fire chief…" *Id.* § 6(b).

76. At all times relevant, Plaintiff had a property interest in his continued employment with FRCFR based on the Illinois Fire Protection District Act.

77. At all times relevant, Plaintiff had a property interest in his continued employment with FRCFR based on his second employment agreement for the period of May 1, 2020 to April 30, 2023, which was entered into based on the authority provided to the Trustees under the Illinois Fire Protection District Act.

78. On August 23, 2021, Trustee LeBlanc, Trustee Karr, Trustee Parthun and Trustee

McManus had final policymaking authority and were acting in their official capacity when they voted to terminate Plaintiff from his employ with FRCFR District without justification.

79. Prior to August 23, 2021, Plaintiff was not given written charges detailing the basis for his termination, nor was Plaintiff afforded the opportunity of a pretermination hearing as provided by the Illinois Fire Protection District Act.

80. On August 23, 2021, FRCFR, through the actions of Trustees LeBlanc, Parthun, and McManus, deprived Plaintiff of his property interest in his continued employment without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

81. Defendants' actions were intentional, willful, and in reckless disregard of Plaintiff's property interest in his continued employment with FRCFR.

82. Plaintiff suffered damages as a result of Defendants' unlawful actions.

## JURY DEMAND

Plaintiff demands a jury trial as to all issues triable by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant him the following relief:

A. A declaratory judgment that Defendants discriminated against Plaintiff in violation of Title I of the Americans with Disabilities Act;

B. A declaratory judgment that Defendants intentionally discriminated against Plaintiff in violation of the FMLA;

C. A declaratory judgment that Defendants violated Plaintiff's Fourteenth Amendment due process rights;

D. Back pay with interest;

E. Front pay;

  F. Compensatory and punitive damages;

  G. Attorneys' fees and costs;

  H. Any other relief that the Court deems proper.


                Respectfully submitted,

                CONNOLLY KRAUSE LLC


              By: /s/ *Michael D. Krause*
                 One of Attorneys for Plaintiff

Michael D. Krause (mkrause@cktrials.com)
Corinne M. Cundiff (ccundiff@cktrials.com)
CONNOLLY KRAUSE LLC
500 West Madison Street, Suite 3900
Chicago, Illinois 60661
Tel: (312) 253-6200