IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN R. NIXON, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 22 C 3346 |
| FOX RIVER AND COUNTRYSIDE FIRE RESCUE DISTRICT; KRISTIN LEBLANC; JOHN KARR; JASON PARTHUN; NICK McMANUS; and JAMES WEGMAN, | ) |
|       Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

John Nixon has sued the Fox River and Countryside Fire Rescue District (the District) and members of its Board of Trustees on claims arising from his termination. Nixon alleges his constitutional due process rights under the Fourteenth Amendment were violated, along with his statutory rights under the Americans with Disabilities Act of 1990 and Family and Medical Leave Act of 1993. Nixon has also brought a breach of contract claim under Illinois law.

The defendants have moved to dismiss Nixon's Fourteenth Amendment claim on the ground that he had no property interest in his employment as the Fire Chief of the District. For the reasons stated below, the Court denies the motion to dismiss.

### Background

The Court takes the following facts from the allegations in Nixon's first amended

complaint and the parties' submissions on the motion. The District is a municipal organization organized under the Illinois Fire Protection District Act, 70 ILCS 705/1, with its principal officers located in Kane County. The District is a unit of local government that provides emergency fire and rescue services. Nixon signed his first employment agreement with the District to work as the Fire Chief on September 6, 2016.

In April 2019, Nixon was on medical leave after he lost consciousness while driving his command vehicle. Shortly after this, he was diagnosed with T cell large granular lymphocyte leukemia. While on medical leave, the District appointed an interim acting Fire Chief, who regularly consulted with Nixon about department operations during his absence. In early May 2019, Nixon was again hospitalized after his pneumonia reoccurred, but he resumed his duties as Fire Chief without any restrictions later that month.

On May 1, 2020, Nixon and the District entered into a second employment agreement with an expiration date of April 30, 2023. In November 2020, Nixon was diagnosed with COVID-19 and was hospitalized for four days, but upon recovery he returned to his work as Fire Chief without any restrictions.

On August 14, 2021, Nixon went to the hospital after experiencing leg pain and a high fever. In the following days, he contacted his administrative assistant and the Assistant Fire Chief to inform them of his hospitalization and absence and to discuss matters for the upcoming Board meeting.

On August 17, 2021, Nixon received a letter from the District temporarily relieving him of all Fire Chief duties and placing him on involuntary medical leave so he could focus on his health. Nixon was then locked out of his district e-mail and had no access

to department files.  Nixon was discharged from the hospital later that day and informed Trustee LeBlanc that he wanted to return to work after his appointment with his primary care physician.  On August 18, 2021, Nixon received a return-to-work letter from his doctor. Later that day, Nixon also received a text message from Trustee LeBlanc asking him to meet her at the District fire station in five days.

On August 23, 2021, Nixon met with Trustee LeBlanc and Trustee Parthun along with the District's legal counsel for a recorded meeting to discuss his medical leave. During that meeting, Nixon presented his return-to-work letter and requested reinstatement as the Fire Chief.  The trustees denied his request and told him that a special Board meeting was scheduled that evening to discuss his medical leave.  Later that evening, Trustees LeBlanc, Karr, Parthun and McManus called Nixon while the Board was in executive session.  Trustee LeBlanc informed Nixon that the Board had voted to terminate him as Fire Chief and then gave him the opportunity to resign to save his reputation. Nixon declined and was discharged without explanation.

Nixon sued the District and the individual members of its Board of Trustees on June 27, 2022.  He asserts three claims in his first amended complaint.  In count 1, he alleges that the District discriminated against him because of his disability by not providing reasonable accommodations and by terminating his employment due to his disability in violation of the ADA.  See 42 U.S.C. § 12112(a).  In count 2, Nixon alleges that the District discriminated against him in violation of the FMLA when the District terminated him instead of allowing him to exercise his right to FMLA leave time.  See 29 U.S.C. § 2612(a)(1).  In count 3, he alleges that the defendants deprived him of his property interest in his continued employment without due process of law in violation of

the Fourteenth Amendment. In count 4, he alleges that the District breached his written employment contract.

Defendants have moved to dismiss count three of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). They argue that Nixon was an at-will employee who had no property interest in his employment as Fire Chief.

## Discussion

When considering a motion to dismiss a complaint under Rule 12(b)(6), the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). To survive the motion, the complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

To state a claim for violation of due process, Nixon must allege that he had a property interest in his position as Fire Chief. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 904 (7th Cir. 2011). A protected property interest exists where substantive criteria limit discretion "such that the plaintiff cannot be denied the interest unless specific conditions are met." *Bell v. City of Country Club Hills*, 841 F.3d 713, 719 (7th Cir. 2016). To prevail in the public employment context, a plaintiff must show that the terms of his employment provide for termination only "for cause" or otherwise reflect "mutually explicit understandings" of continued employment. *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003) (quoting *Perry v. Sindermann*, 408 U.S. 593, 601 (1972)).

4

This is essentially the converse of employment at will, an arrangement under which the employee may be terminated for a "'good reason, bad reason, or no reason at all.'" *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 606 (2008).

"[A] person has a property interest in his job where he has a legitimate expectation of continued employment based on a legitimate claim of entitlement . . . . To show a legitimate expectation of continued employment, a plaintiff must show a specific ordinance, state law, contract or understanding limiting the ability of the state or state entity to discharge him." *Covell v. Menkis*, 595 F.3d 673, 676 (7th Cir. 2010). In this case, the defendants argue that Nixon was an at-will employee under the Illinois Fire Protection District Act and his employment agreement. *See* 70 ILCS 705/16.04a ("The board of trustees shall appoint the Chief of the fire department, who shall serve at the pleasure of the board."); Defs.' Mot. to Dismiss, Ex. 1 § 2A (employment agreement term stating that "[n]othing in this Agreement shall prevent, limit, or otherwise interfere with the right of the Board from terminating the services of the Fire Chief at any time, subject only to the provisions set forth in the section of this Agreement entitled 'Severance Pay.'")

Nixon relies on a different provision of the Illinois Fire Protection District Act that states that "no officer or member of the fire department of any protection district who has held that position for one year shall be removed or discharged except for just cause, upon written charges specifying the complainant and the basis for the charges, and after a hearing on those charges before the board of fire commissioners, affording the officer or member an opportunity to be heard in his own defense." 70 ILCS 705/16.13b. Nixon contends that he was an "officer" of the protection district within the

meaning of section 16.13b.[1] If Nixon is covered by section 16.13b, then he had a property interest protectable under the Fourteenth Amendment.

The question before the Court is whether, based on the allegations in the amended complaint, Nixon is appropriately considered an officer or member under Section 16.13b of the Fire Protection District Act. The defendants contend that the Act distinguishes between Fire Chief and officers or members. They argue that if the Fire Chief were a member of the department who could not be removed except for just cause under section 16.13b, then it would undermine the prescription in sections 6(b) and 16.04(a) that the Chief serves at the pleasure of the board. The defendants also note that under section 16.13b, when there are proceedings to terminate an "officer or member," "[t]he Chief of the department shall bear the burden of proving the guilt of the officer or member by a preponderance of the evidence" at the board of fire commissioners' pre-termination hearing. 70 ILCS 705/16.13b. The defendants contend that reading "officer or member" to include the Fire Chief would be incongruous, as it would in effect require the Chief to bring terminate charges against himself. The defendants also argue under section 16.04a of the Act, an employee is no longer considered a member once appointed to the position Fire Chief and is instead considered on furlough, reverting to the last rank as a member if removed as Fire Chief.

Nixon notes, correctly, that the Act does not contain a definition of "officer or member." He also points out that his employment agreement designates him as the

---

[1] If Nixon is also contending that he had a property interest by way of his three-year employment agreement with the District, that contention lacks merit, because the agreement did not require cause or any other reason for early termination of Nixon's employment as Fire Chief.

District's chief operating officer and points to this to say that he should qualify as an "officer" under section 16.13b. But the Court sees no basis to use Nixon's contract to interpret a statute adopted by the state legislature.

There is very little law interpreting the pertinent provisions of the Fire Protection District Act. In the only potentially pertinent case that the parties have discussed and that the Court can find, another judge in this District concluded that the term "officer or member" as used in Section 16.13b encompasses "only those employees who perform firefighting duties." *Basek v. Tri-State Fire Protection District*, 69 F. Supp. 3d 845, 850 (N.D. Ill. 2014). The judge in *Basek* concluded that the Act drew a distinction between officers or members on the one hand, and fire district employees who do not perform firefighter duties on the other. Specifically, the court concluded that eligibility requirements for "positions" covered by the Act are concerned only with qualifications to fill a firefighting role. *See* 70 ILCS 705/16.06 (applicants must be under 35 years old and pass physical tests). Further, other provisions relating to appointments refer to a rolling register of eligible firefighters, expressly excluding "clerks and dispatchers or other civilian employees of a fire department or fire protection district who are not routinely expected to perform firefighter duties." 70 ILCS 705/16.06b; *see also id.* 16.06c(a). The Court finds *Basek* persuasive in its reading of the Act.

Turning to the present case, there is no question that, unlike the plaintiff in *Basek*, Nixon's responsibilities as Fire Chief were primarily administrative. However, his employment agreement states that his "work involves responsibility of the protection of life and property through the management, planning, direction and oversight of all fire suppression activities, fire support services, fire prevention, life safety services, building

7

safety, public education, community preparation and emergency medical services functions." This arguably may be read as including firefighting duties.

At this very early stage, we do not know how if, and how often, Nixon performed anything that might be considered to constitute firefighting duties such that he could be considered an "officer or member" under section 16.13b. But at this point, the Court is required to view the complaint and draw reasonable inferences favorably to Nixon, the plaintiff. See *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). Given that liberal standard, the Court concludes that Nixon has alleged enough to permit his due process claim to proceed. See *Hefferman v. Bass,* 467 F.3d 596, 599-600 (7th Cir. 2006); *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990) ("[A] motion to dismiss . . . test[s] the sufficiency of the complaint, not . . . the merits [of the case]."). The Court therefore denies the defendants' motion to dismiss count three.

## Conclusion

For the reasons stated above, the Court denies the defendants' motion to dismiss Nixon's due process claim, count 3 of his amended complaint, and directs the defendants to answer that claim within 21 days of this order.

Date: February 8, 2023

_____
MATTHEW F. KENNELLY
United States District Judge